IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Randy Smith,                           )<br>                                        )<br>                       Plaintiff,      )<br>                                        )<br>    vs.                                )<br>                                        )<br>Carolyn W. Colvin, Acting              )<br>Commissioner of Social Security        )<br>Administration,                        )<br>                                        )<br>                       Defendant.      )<br>_____)  | Civil Action No. 2:14-3424-TMC<br><br>**ORDER** |

Plaintiff Randy Smith ("Smith"), brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 17).[1] The magistrate judge recommends affirming the Commissioner's decision denying benefits. Smith timely filed objections (ECF No. 20) and the Commissioner filed a reply to those objections (ECF No. 22).

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**I. Background**

Smith filed an application for DIB and SSI, alleging a disability due to L4-L5 radicular syndrome with bilateral peroneal nerve neuropathy, lumbar stenosis, and lumbar spondylosis and an onset date of September 30, 2009. His application was denied initially and on reconsideration. Smith requested review by an administrative law judge ("ALJ") and a hearing was held before an ALJ on December 7, 2012.

On April 19, 2013, the ALJ denied Smith's claim finding him not disabled under the SSA. The ALJ found that Smith suffered from the following severe impairments: L4-L5 radicular syndrome with bilateral peroneal nerve neuropathy, lumbar stenosis, and lumbar spondylosis. However, the ALJ found that Smith's impairments did not meet or were medically equal to the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Smith's residual functional capacity ("RFC"). The ALJ found that Smith could perform light work with certain limitations, and that he could not perform his past relevant work. The ALJ, however, determined that Smith could perform other jobs in existence in the national economy in significant numbers, and therefore, denied his disability claim.

Smith sought review of the ALJ's decision by the Appeals Council, but the Appeals Council declined to review the ALJ's decision. Smith then filed this action for judicial review on August 23, 2014. In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference.

**II. Standard of Review**

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

"Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

In his objections, Smith contends that the Magistrate Judge erred by finding the weight that the ALJ assigned to treating physician Dr. Riber's opinion was supported by substantial evidence and by finding the ALJ did not err by in assessing Smith's credibility.

First, Smith contends that the ALJ erred by improperly giving only some weight to the opinion of Dr. Riber, his long-term treating pain specialist. The ALJ attributed only little weight to Dr. Riber's opinion because he found that the medical evidence in the record fails to support it and were based on Smith's subjective complaints.

A treating physician's opinion as to a patient's condition and functional limitations should ordinarily be accorded great weight. *See Craig v. Chater*, 76 F.3d 589-590 (4th Cir. 1996). However, the opinion of a treating physician is not entitled to great weight when it is

contradicted by the physician's own treatment notes, or by other evidence. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) ("When a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight" (citations omitted)); *Burch v. Apfel*, 9 Fed.Appx. 255 (4th Cir. 2001) (ALJ did not err in giving physician's opinion little weight where the physician's opinion was not consistent with her own progress notes).

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c); *see* SSR 96-2p; *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006). However, the Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." *Hendrix v. Astrue*, C/A No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept.1, 2010). *See also* § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." *Craft v. Apfel*, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir.1998) (per curiam) (unpublished table decision) (internal citation omitted).

4

The magistrate judge accurately summarized Dr. Riber's opinion (Report at 5-6) and the ALJ's consideration of Dr. Riber's opinion (Report at 7) and determined that Smith failed to point to any evidence upon which the court could conclude that the ALJ's decision was not supported by substantial evidence. (Report at 8-9). Smith contends that while the magistrate judge included a summary of Dr. Riber's treatment records, she did not include that Smith's pain always returned and to what level. (Objections at 4).

Smith also argues that the magistrate judge erred in discounting Dr. Riber's opinion by relying on Dr. Riber's references in his treatment notes that Smith was generally responding well to treatment and that Smith's medications were "working well." (Objections at 5). Smith cites *Kellough v. Heckler*, 785 F.2d 1147, 1153 (4th Cir.1986), for the proposition that such notations must be read in context and are not a substantial basis for rejecting a claimant's subjective complaints of exertional limitations. *Id.* In *Kellough*, the court addressed a situation where the claimant had a severe cardiac impairment in 1975 and one month prior to when she was hospitalized for open heart surgery, it was noted that she reported that she "feels well." The court noted that while the medical evidence overwhelmingly established that the claimant suffered from rheumatic heart disease in 1975 and that her condition had degenerated by 1982, the Commissioner discounted the claimant's testimony on the basis of a lack of need for "protracted" pain medication, the generalized statement of Social Security Ruling 82-51, and the references in the physician's notes to her "normal activity" and "feeling well." The court held that the isolated references in the physician's notes to "feeling well" and "normal activity" were not a substantial basis for rejecting as incredible the claimant's subjective complaints of exertional limitation. *Id*.

Here, the ALJ did not take any physician's notes out of context. More importantly, considering the record as a whole, the weight that the ALJ gave to Dr. Riber's opinion is

5

supported by substantial evidence. The ALJ noted that Dr. Riber based his opinion at least partially on Smith's subjective allegations of pain, and the ALJ found Smith's allegations of pain not to be entirely reliable.

In *Hines v. Barnhart*, the Fourth Circuit reiterated the well-established role of subjective evidence in proving the intensity, persistence, and disabling effects of pain, stating that "[b]ecause pain is not readily susceptible of objective proof . . . the absence of objective medical evidence of the intensity, degree or functional effect of pain is not determinative." 453 F.3d 559, 564-65 (4th Cir. 2006) (emphasis in original omitted). Once an underlying condition capable of eliciting pain is established by objective medical evidence, disabling pain can be proven by subjective evidence alone.  Of course, the extent to which an individual's statements can be relied upon as probative of the degree or functional effect of chronic pain depends upon the individual's credibility.  "In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true." SSR 96-7p, 1996 WL 374186 *4.  For that reason, the ALJ must assess and consider the credibility of the claimant when determining the weight to assign to his statements regarding the intensity, degree, or functional impact of pain. This is what the ALJ did here. He determined that Smith was not entirely credible and thus he gave only little weight to Dr. Riber's opinion which was based partially on Smith's subjective allegations of pain.

Next, Smith argues that the ALJ failed to properly assess his credibility.  The ALJ relied on various activities listed in Smith's Function Report and Smith's hearing testimony for support of his rejection of Smith's allegations. The magistrate judge noted that the ALJ's characterization of Smith's daily activities as impressive was a "bit of an overstatement," but she concluded that the ALJ's credibility determination was supported by substantial evidence.  Smith contends that the activities listed in the Function Report and his testimony actually show

difficulties, limitations, and inabilities. (Objections at 9).  Smith argues that the ALJ made an unsupported leap from the ability to perform sporadic, limited activities to the ability to perform light work on a regular basis. *Id.*  Smith contends that nothing in his testimony supports the conclusion that he can perform light work. *Id.*  Additionally, Smith contends that the ALJ erred by finding support for discounting his subjective complaints based upon Dr. Riber's remark that he has responded well to conservative and interventional treatment.  *Id.* Smith argues his treatment which has included surgeries has not been conservative.

In evaluating a claimant's subjective complaints, the ALJ engages in a two-step process in which the ALJ determines whether the claimant has an impairment that could reasonably cause the alleged symptoms, and then evaluates the statements about their intensity against the record. 20 C.F.R. §§ 404.1529, 416.929; *Craig v. Chater*, 76 F.3d 585, 594-95 (4th Cir. 1996). "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir.1986). Consequently, the types of medications and treatments used to treat a claimant's symptoms are relevant to the disability determination. *See, e.g., Coffey-Watson v. Astrue*, C/A No. 3:09-1479, 2010 WL 3878918, at *10 (D.S.C. June 25, 2010) (considering plaintiff's minimal use of narcotic pain relievers in affirming Commissioner's denial of benefits).

First, the court notes that the ALJ's reference to conservative treatment was limited to the "period in question" or, in other words, the time after the alleged onset date of September 30, 2009.  As the magistrate judge notes, Smith underwent microdiskectomies in 2003 and 2004, five years prior to the alleged onset date of disability. (Report at 9).  And in the relevant period, as the ALJ noted, Smith was treated with pain medication and injections, which are generally considered conservative treatment. *See, e.g., Hoke v. Chater*, 74 F.3d 1231, 1996 WL 13856, at *3 (4th Cir. Jan. 16, 1996) (unpublished) (recognizing that conservative treatment with pain

medication may be considered in substantial evidence analysis). *See also Hauser v. Commissioner of Social Security*, C/A No. 1:12-cv-796, 2014 WL 48554, at *9 (S.D.Ohio Jan. 7, 2014) (holding that "it is proper to classify taking prescription medication and receiving injections as 'conservative' treatment."); *Shaw v. Colvin*, C/A No. 4:12CV451, 2013 WL 3546665, at *9, 18 (E.D.Mo. July 11, 2013) (characterizing prescription of Percocet as "conservative treatment"). Moreover, as the magistrate judge noted, Dr. Riber himself characterized Smith's treatment as conservative. (Report at 13).

In addition, the ALJ's consideration of Smith's daily activities was proper as it is required by the regulations and SSR 96-7p. 20 C.F.R. § 404.1529(c)(3)(I); SSR 96-7p, 1996 WL 374186, at *3. The Fourth Circuit has held that a claimant's daily activities, such as performing home exercises, visiting relatives, cooking, and doing laundry, were inconsistent with the claimant's complaints of excruciating pain and inability to perform basic physical and mental work abilities. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005); *see also Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir.1986) (pattern of claimant's daily activity, which included cooking, washing dishes, and generally taking care of house, suggested that he was not disabled from working).

The court finds that Smith's argument regarding the ALJ's assessment of his credibility is essentially an invitation to the court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this court. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). Because Smith's objections ask the court to reweigh the evidence, which is not within the province of this court, remand is not appropriate. *Id.*

## IV. Conclusion

Having reviewed the record under the appropriate standards, as set out above, the court concurs with both the reasoning and the result reached by the magistrate judge in her Report. The ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 20) and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 14, 2016
Anderson, South Carolina